IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

UNITED STATES OF AMERICA

v.

NO. 2:26-CR-030-Z (03)

CAMERON KING (03)

## FACTUAL RESUME

In support of Cameron King's plea of guilty to the offense in Count Three of the

Indictment, King, the defendant, Brooks Barfield, the defendant's attorney, and the

United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count Three of the Indictment, charging a

violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii), that is, Possession with Intent

to Distribute 500 Grams or More of Methamphetamine, the government must prove each

of the following elements beyond a reasonable doubt:[1]

*First.*    That the defendant knowingly possessed a controlled substance;

*Second.*    That the substance was in fact methamphetamine;

*Third.*    That the defendant possessed the substance with the intent to distribute it; and

*Fourth.*    That the quantity of the substance was at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine.

To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without

---

[1] Fifth Circuit Pattern Jury Instruction 2.95A (5th Cir. 2024).

**Cameron King**
**Factual Resume—Page 1**

any financial interest in the transaction.

## STIPULATED FACTS

1.     Cameron King admits and agrees that on or about February 6, 2026, in the Amarillo Division of the Northern District of Texas, and elsewhere, he did knowingly or intentionally possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii).

2.     On February 6, 2026, Amarillo Police Department (APD) officers received information that Cameron King was involved in the distribution of methamphetamine at the Quality Inn at 1515 Interstate 40, Amarillo, Texas.  On that day, APD officers established surveillance at the Quality Inn.  During surveillance, officers observed King drive away from the Quality Inn in a maroon Lincoln Navigator.

3.     An APD officer saw King fail to signal a right-hand turn.  Officers also discovered that King had an outstanding arrest warrant.  At 10:37 p.m., APD officers conducted a traffic stop of King's vehicle near I-40 West and Bell Street.  When the officers contacted King, they smelled the odor of marijuana coming from King's vehicle. The officers conducted a probable cause search of King's vehicle.  During the search, the officers located a broken marijuana cigar in the driver's-side door storage pocket. Officers located $4,042 in King's pants pocket.

4.     An officer conducted a roadside interview with King.  The officer read King his *Miranda* warnings.  King waived his rights and agreed to make a statement.

**Cameron King**
**Factual Resume—Page 2**

During the interview, King admitted to having approximately one pound of methamphetamine inside his room at the Quality Inn.

5.      King provided officers with written consent for a search of his motel room. During a search of King's room, officers located a large baggie of suspected methamphetamine in the top drawer of the entertainment center. The baggie had a gross weight of 1.4 pounds. This quantity of methamphetamine is only consistent with distribution, not someone's personal use. Officers located a smaller baggie of methamphetamine in the same drawer. The smaller baggie had a gross weight of 7.7 grams. Agents also located plastic bags and a digital scale that were consistent with drug distribution.

6.      During a subsequent interview, King admitted to distributing methamphetamine to make extra money. King stated that he had been distributing methamphetamine for approximately six to eight months. King stated that he had been receiving two ounces of methamphetamine per week for the last four months. King stated that he only recently started receiving pound quantities of methamphetamine.

7.      King allowed officers to review and download his cellphone. On the phone, officers located messages confirming that King was, in fact, distributing methamphetamine.

8.      The suspected methamphetamine from King's motel room was sent to the DEA South Central Laboratory. The DEA Laboratory confirmed that the substance was, in fact, methamphetamine, a Schedule II controlled substance. The substance had a total net weight of 872.88 grams and a purity level of approximately 93-99 percent.

Cameron King
Factual Resume—Page 3

9.    King admits that on February 6, 2026, he knowingly possessed with intent to distribute 872.88 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

10.    The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count Three of the Indictment.

AGREED TO AND STIPULATED on this 20th day of _____ May _____, 2026.

RYAN RAYBOULD
UNITED STATES ATTORNEY

_____
Cameron King
Defendant

_____
ANNA MARIE BELL
Assistant United States Attorney
New Mexico State Bar Number 12501
500 South Taylor Street, Suite 300
Amarillo, Texas 79101-2446
Tel: 806-324-2356
Fax: 806-324-2399
Email: anna.bell@usdoj.gov

_____
Brooks Barfield
Attorney for Defendant

Cameron King
Factual Resume—Page 4