IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

UNITED STATES OF AMERICA

v.                                                            NO.  2:26-CR-030-Z (01)

GLEN CRAIN JR. (01)
    a/k/a "Tuck"

## FACTUAL RESUME

In support of Glen Crain Jr.'s plea of guilty to the offense in Count Five of the Indictment, Crain, the defendant, C.J. McElroy, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count Five of the Indictment, charging a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii), that is, Possession with Intent to Distribute 500 Grams or More of Methamphetamine, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.*      That the defendant knowingly possessed a controlled substance;

*Second.*   That the substance was in fact methamphetamine;

*Third.*     That the defendant possessed the substance with the intent to distribute it; and

*Fourth.*    That the quantity of the substance was at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine.

To "possess with intent to distribute" simply means to possess with intent to

---

[1] Fifth Circuit Pattern Jury Instruction 2.95A (5th Cir. 2024).

**Glen Crain, Jr.**
**Factual Resume—Page 1**

deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

## STIPULATED FACTS

1.    Glen Crain Jr., also known as "Tuck," admits and agrees that on or about February 25, 2026, in the Amarillo Division of the Northern District of Texas, and elsewhere, he did knowingly or intentionally possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii).

2.    On February 19, 2026, Amarillo Police Department (APD) officers obtained a search warrant for Glen Crain Jr.'s location data for phone number 350-223-5506. Officers observed that Crain was driving a rental vehicle, which was a Hyundai Tucson SUV. On February 25, 2026, officers received cellphone data indicating that Crain was traveling towards Fort Worth, Texas. License plate reader data showed Crain's rental vehicle traveling in the same direction as Crain's cellphone. The data revealed that Crain stayed in Fort Worth a few hours before heading back to Amarillo.

3.    At approximately 8:20 p.m. that same day, a Texas Department of Public Safety (DPS) trooper attempted to stop Crain's rental vehicle near Claude, Texas. Crain initially pulled over, but then sped away, leading officers on a high-speed chase into Amarillo at speeds exceeding 130 mph. Crain then led officers on a chase through Amarillo neighborhoods and alleyways.

Glen Crain, Jr.
Factual Resume—Page 2

4.      Crain eventually stopped in the 1900 block of NW 12th Avenue, Amarillo, Texas. Crain was identified as the driver of the vehicle, and Lois Spencer was identified as a passenger. During an initial search of the vehicle, officers did not locate any methamphetamine. Officers then searched the streets and alleyways that Crain had driven through. During that search, officers located a duffle bag in the street near an alleyway entrance by SW 2nd and South Fairmont Steet. Officers searched the duffle bag and located a trash bag containing 10 bundles of methamphetamine. The bundles had a gross weight of 12.4 pounds. This amount of methamphetamine is consistent only with distribution, as opposed to personal use. Officers also located a massage gun in the duffle bag. The box to the massage gun was found inside Crain's vehicle. In addition, officers located a single red and white Nike shoe by the duffle bag. The matching shoe was found inside Crain's vehicle. Crain admits that he knowingly and intentionally possessed this methamphetamine.

5.      Officers conducted an interview with Spencer. An officer read Spencer her *Miranda* warnings. Spencer waived her rights and agreed to make a statement. Spencer admitted to coordinating the purchase of methamphetamine and cocaine between Crain and a person in Fort Worth. Spencer stated that she makes $1,000 each time she arranges a deal. Spencer stated that the person in Fort Worth did not want to deal with Crain directly. Spencer admitted to throwing the methamphetamine out of Crain's vehicle during the police chase.

6.      The suspected methamphetamine was sent to the DEA South Central Laboratory. The DEA Laboratory confirmed that the substance was, in fact,

**Glen Crain, Jr.**
**Factual Resume—Page 3**

methamphetamine, a Schedule II controlled substance. The substance had a total net weight of 4,979.5 grams and a purity level of approximately 99 percent.

7.    Crain, Jr. admits that on February 25, 2026, he knowingly possessed with intent to distribute 500 grams or more of a controlled substance, namely methamphetamine, a Schedule II controlled substance.

8.    The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count Five of the Indictment.

AGREED TO AND STIPULATED on this 2nd day of _____June_____, 2026.

RYAN RAYBOULD
UNITED STATES ATTORNEY

_____
Glen Crain, Jr.
Defendant

_____
ANNA MARIE BELL
Assistant United States Attorney
New Mexico State Bar Number 12501
500 South Taylor Street, Suite 300
Amarillo, Texas 79101-2446
Tel: 806-324-2356
Fax: 806-324-2399
Email: anna.bell@usdoj.gov

_____
C.J. McElroy
Attorney for Defendant

**Glen Crain, Jr.**
**Factual Resume—Page 4**